Judge Trimble,
delivered the following opinion of the court : — Beall gave notice to Dorsey, of an intended motion against him, to recover money, paid as his security in a replevin bond, whereon an execution issued, as is recited, “in the name of Thomas Simpson’s ad-’ *565 jninistrators, &c.” The court gave Beall judgment for the amount paid by him, with interest until re-paid. The propriety of this summary remedy; the judgment for interest; and the sufficiency of the notice; are questioned, upon this writ of error.
In that mode of proceediog,it is error to give judgment for intereft on the fum paid.
If a notice be certain to a common intent, it is fuificient.
The record of the fuit in which the plain, tiff in the motion was fecu* rity, forms no part of the record of the motion, unlefs made fo by bill of exceptions.
The remedy is given by the statute, as follows : “ In all cases where judgment hath been, or shall hereafter be entered up,, in any of the courts of record within this (commonwealth, against any person or persons, or securities, their heirs, executors, or administrators, upon any note, bill, bond, or obligation, and the amount of such judgment, or any part thereof, hath been paid or discharged by such security or securities, his, or her, or their heirs, executors, or administrators, it shall and may be lawful for such security or securities, his, or her, or their executors, or administrators, to obtain judgment, by motion, against such principal obligor or obli-gors, his, or her, or their heirs, executors, or administrators, or assigns, for thefull qmount of what shall have heen paid by the said security or securities,” &c. (a), “in any court where such judgment may have been entered ¡Up,” &c.
The 4th section of the act, declares, that no security shall he suffered to confess judgment, so as to distress his, or her, or their principal or principals, if such principal or principals w ill enter him or themselves defendant or defendants to the suit, and tender to the securities or security, other good and sufficient collateral security, to be approved of by the court before whom the suit shall be depending ; and requires ten days previous notice of the motion.
A replevin bond is considered as a judgment of that court by virtue of whose process it is taken. The law declares that it shall have the force of a judgment, and that execution shall issue thereon. If it had rested on the first section alone, but little doubt could have been entertained, in as much as these repleyin bonds are obligations, given in pais ; and when returned into the office of the elerk of the court, are, by law, considered as judgments. But the fourth section speaks of confession of judgment by the securi ty, whi ch cannot well apply to securities in replevin bonds. However, it must be remarked, that there are other cases provided for by the act, Ip which confession of judgments will apply, and those *566 expressions of the section can be satisfied by rendering and applying them to those other cases.
Thus the general expressions in one section, will not be restrained by those in another section, when both may well stand together, reddendo, singula singulis.
It may be farther remarked, that this act was re-enacted from a statutary provision, formerly in being, when motions were required on replevin bonds, upon notice to be given to the obligors, and upon such motions or bonds, a confession of judgment might well have been made.
We are, therefore, of opinion, that such securities are within the expressions of the statute, as also, they are without doubt within the reason and equity of it.
The statute does not authorise the court, upon the motion, to go farther than the full amount of what shall have been paid by the security. Interest upon that amount, is but an incident which may, or may not be given, without impeachment of the justice of the act which should give or withhold it. It is given by way of damages for the detention of the principal, and is governed by circumstances. These may be considered by the court for the purpose of mitigating the interest, where the law, but for those circumstances, has given it; but not for the purpose of giving interest where the law has not given it. The statute provided for cases like the present, does not authorise the court to; give the interest upon motion. Herewith agrees the decision in Redding vs. Holton, in this court, October 1806.
The notice, upon its face, is good to a common intent, to apprize the party of the claim against him, and of the time at which the motion was intended- This we think is all that is necessary in notices.
If the mover made out his case by evidence, comporting with the notice, he was entitled to judgment, unless the defendant therein shewed cause against it.
The objection to the notice, is predicated upon a variance between the recital of the execution on the notice, and that given in evidence. But there is nothing belonging to the record of the case, to shew that the evidence oifered,didnot comport with the notice.. The proceedings in the suit, by Simpson’s executors, against Dorsey, although certified by the clerk with,the record-of the motion, cannot be regarded as a component part *567 of that record. That suit is not engrafted upon the motion, as a part of the evidence offered, or otherwise ; the evidence upon which the mover had judgment, is not spread upon the record, by exceptions taken to it, or to any part of it. We cannot, therefore, notice the proceedings or record of the suit, Simpson’s executors against Dorsey and Beall, any more than we could notice a deposition, or other evidence, which a clerk should, by inadvertence, or officiously, certify in an action at common law.
Allen, for the plaintiff; Rowan, for the defendant.
It is, therefore, considered by the court, that there is error in the judgment of the said circuit court, in giving interest on the amount paid by Beall. For that cause, the said judgment is reversed, set aside^and annulled } the cause is remanded to the said court, for new proceedings to be had therein, not inconsistent with this opinion. Which is ordered to be certified to the said circuit court. And that the plaintiff here, recover his costs, Sec.

 j Ses. of 1798, ch. 12, § P- 37-